**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4191**
_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

REGINALD ANDERSON,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Irene C. Berger, District Judge.  (5:13-cr-00012-1)

_____

Submitted:  September 16, 2014      Decided:  October 1, 2014

_____

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Steven Hunter, STEVE HUNTER & ASSOCIATES, L.C., Lewisburg, West Virginia, for Appellant.  Miller A. Bushong, III, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Anderson pled guilty, pursuant to a plea agreement, to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2012). The district court calculated Anderson's advisory Guidelines range as ten to sixteen months, imposed an upward variance, and sentenced Anderson to twenty-four months' imprisonment. He appeals. Anderson's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but challenges Anderson's sentence. Although advised of his right to file a supplemental pro se brief, Anderson has not done so. Finding no error, we affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] . . . under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This standard of review involves two steps; under the first, we examine the sentence for significant procedural errors, and under the second, we review the substance of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (analyzing Gall, 552 U.S. at 50-51). Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory,

2

failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If there are no significant procedural errors, we then consider the substantive reasonableness of the sentence, tak[ing] into account the totality of the circumstances." Id.

When the district court imposes a variant sentence, we consider "whether the . . . court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). Such a sentence is unreasonable if the district court "provided an inadequate statement of reasons or relie[d] on improper factors in imposing a sentence outside the properly calculated advisory sentencing range." Id.

After hearing argument from counsel and giving Anderson the opportunity for allocution, the district court concluded that an upward variance under § 3553(a) to twenty-four months' imprisonment was necessary to comply with the purposes of sentencing. In reaching this conclusion, the court properly considered Anderson's history and characteristics, his underrepresented criminal history, the fact that he was a repeat

3

offender, and the need for the sentence to afford adequate deterrence.

The district court's consideration of relevant 18 U.S.C. § 3553(a) factors and articulation of the reasons warranting an upward variance from the Guidelines range support our decision to defer to the district court's determination as to the extent of the variance. United States v. Diosdado-Star, 630 F.3d 359, 366-67 (4th Cir. 2011) (affirming substantive reasonableness of variance sentence six years greater than Guidelines range because sentence was based on the district court's examination of relevant § 3553(a) factors).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. Counsel's motion to withdraw from representation, as set forth in his brief, is denied. This Court requires that counsel inform Anderson, in writing, of the right to petition the Supreme Court of the United States for further review. If Anderson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Anderson. Finally, we dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED